IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LATRAYL D. ARTHER, | No. C 07-4520 MJJ (PR) |
| Plaintiff, | **ORDER OF TRANSFER** |
| v. | |
| BOARD OF PRISON TERMS, et al., | **(Docket No. 2)** |
| Defendants. | |

This is an action filed by a state prisoner proceeding pro se and incarcerated at the Deuel Vocational Institute ("DVI") in Tracy, California. Plaintiff complains that his constitutional rights were violated by state officials located in Sacramento, California.

Venue may be raised by the court sua sponte where the defendant has not yet filed a responsive pleading and the time for doing so has not run. See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). When jurisdiction is not founded solely on diversity, venue is proper in (1) the district in which any defendant resides, if all of the defendants reside in the same state; (2) the district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought. See 28 U.S.C. § 1391(b). When venue is improper, the district court has the discretion to either dismiss the case or transfer it "in the interest of justice." See 28 U.S.C. § 1406(a).

Here, the defendants are located in Sacramento, California, plaintiff is located in Tracy, California, and the alleged actions giving rise to the claims took place either in

G:\PRO-SE\MJJ\CR.07\arther.trn.wpd

1 Sacramento or Tracy.  Both Sacramento and Tracy are within the venue of the Eastern
2 District of California.  <u>See</u> 28 U.S.C. § 84(b).  In the interest of justice, this action is hereby
3 TRANSFERRED to the United States District Court for the Eastern District of California.  In
4 light of this transfer, the Court will defer to the Eastern District for a ruling on plaintiff's
5 application to proceed in forma pauperis.

6     The Clerk is directed to transfer the action forthwith.

7     This order terminates Docket No. 2 from this court's docket.

8     IT IS SO ORDERED.

9 DATED:   10/02/07

10
11     MARTIN J. JENKINS
    United States District Judge

G:\PRO-SE\MJJ\CR.07\arther.trn.wpd    2